UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

LAURA M.,

    Plaintiff,

v.

COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

CASE NO. C19-1008-BAT

**ORDER REVERSING AND REMANDING FOR FURTHER ADMINISTRATIVE PROCEEDINGS**

Plaintiff Laura M. seeks review of the denial of her application for Supplemental Security Income and Disability Insurance Benefits. She contends the ALJ erred in rejecting her testimony and evaluating the medical opinions, and erroneously failed to reconcile a conflict between his finding that plaintiff could perform medium work and a subsequent finding that she was limited to light work. Dkt. 11. The Court **REVERSES** the Commissioner's final decision and **REMANDS** the matter for further administrative proceedings under sentence four of 42 U.S.C. § 405(g).

## BACKGROUND

Plaintiff applied for benefits on August 27, 2012, alleging disability as of May 2006. Tr. 247. An ALJ issued a decision denying her claims in October 2014, and the Appeals Council denied review of that decision. Tr. 1, 16-33. Plaintiff appealed this denial, and in January 2017,

this Court, in a decision by David A. Christel, United States Magistrate Judge, reversed and remanded the case for further administrative proceedings. Tr. 830-43. On remand, the ALJ issued a decision in April 2019 finding plaintiff not disabled during the relevant period. Tr. 689-703. Plaintiff now seeks review of the April 2019 decision.

In addition to the application at issue in this case, plaintiff filed a previous application for benefits that was denied and became administratively final on July 2, 2009. Tr. 70-71. Plaintiff also filed a subsequent application for SSI on July 14, 2016. Tr. 846. This subsequent application was approved, and plaintiff was found disabled as of July 14, 2016. *Id.* Her date last insured for DIB purposes was December 31, 2011. Tr. 692. Therefore, for purposes of DIB, the relevant period is from July 3, 2009, the day after the previous denial became final, through December 31, 2011, her date last insured. For purposes of SSI, the relevant period is from August 27, 2012, the filing date of this application, until July 14, 2016, the date she was found disabled in the subsequent application.

## DISCUSSION

### A.  Plaintiff's allegations

Plaintiff argues that the ALJ failed to give valid reasons for discounting her symptom testimony, and instead improperly relied on the same reasons this court rejected in its previous decision. Dkt. 11 at 4. Because the ALJ did not find that plaintiff was malingering, the ALJ was required to provide clear and convincing reasons to reject his testimony. *See Vertigan v. Halter*, 260 F.3d 1044, 1049 (9th Cir. 2001). An ALJ does this by making specific findings supported by substantial evidence. "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996).

The ALJ found that plaintiff's allegations were not entirely consistent with the medical evidence and other evidence in the record. Tr. 696. The ALJ found that the medical evidence from the relevant period showed inconsistencies between plaintiff's alleged pain symptoms and her objective presentation on exam, her complaints of pain were sporadic, and the physical findings were less than remarkable. Tr. 696-97. Plaintiff argues that the ALJ relied on essentially the same findings this Court previously rejected and again improperly failed to link the cited medical records to any specific testimony or statements the ALJ found not credible. Dkt. 11 at 8. The Court agrees. An ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her RFC finding without specifying which testimony she finds not credible. *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). This Court previously found that the ALJ summarized evidence contained in medical records but did not link the cited medical records to any specific testimony or statements the ALJ found not credible, and that this failed to meet the standard required to reject a claimant's testimony. Tr. 834-35. In the decision at hand, the ALJ again summarized the medical evidence without linking it to any specific testimony or statements or explaining how the evidence was inconsistent with plaintiff's allegations. This summary again fails as a reason to discount plaintiff's allegations about her physical limitations.

The ALJ also found that the evidence revealed disparities in plaintiff's allegations about the severity of her mental limitations and that while there were some signs of diminished mental functioning, they arose in the context of substance use. Tr. 697-99. As with the evidence related to plaintiff's physical impairments, the ALJ summarized the findings of various mental examinations but did not link it to any specific testimony or allegations by plaintiff. As this Court previously found, conflicting or inconsistent reports of substance use can contribute to a

decision to discount a claimant's testimony, but they cannot justify discounting the claimant's allegations without further corroboration or explanation. Tr. 835. The ALJ again failed to explain how plaintiff statements about her substance use undermined her testimony. This again fails as a reason to discount plaintiff's allegations.

The ALJ also found that plaintiff's activities suggested she was capable of greater mental functioning than she alleged. Tr. 699. The ALJ points to her ability to complete her activities of daily living, including attending to personal care and doing her laundry at a women's wellness center, going to public places such as the Seattle Center and the library, and using the bus if it was not too crowded. *Id.* Plaintiff argues that the ALJ cited only to evidence from the period when she was homeless, when she was required to leave the shelter during the day and had to find places to spend her time until the shelter reopened, and failed to discuss her reports of decreased functioning once she had her own apartment. Dkt. 12 at 19. An ALJ may consider a claimant's daily activities when evaluating her credibility. *Light v. Soc. Sec. Admin.*, 119 F.3d 789, 792 (9th Cir. 1997). The ALJ may not penalize a claimant for attempting to live a normal life in the face of her limitations. *See Cooper v. Bowen*, 815 F.2d 557, 561 (9th Cir. 1987). But contradictions between a claimant's reported activities and her asserted limitations are an issue of credibility. *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 600 (9th Cir. 1999). Here, the ALJ identified minimal daily activities that do not rise above attempts to live a normal life and failed to explain how these activities undermine plaintiff's allegations. This also fails as a reason to discount plaintiff's testimony.

The ALJ failed to correct the errors this Court identified in its previous decision and again failed to give clear and convincing reasons, supported by substantial evidence, for discounting plaintiff's testimony.

**B.     Medical opinion evidence**

Plaintiff argues that the ALJ erred in assessing the medical opinion evidence. Dkt. 11 at 12. In general, the ALJ must give specific and legitimate reasons for rejecting a treating or examining doctor's opinion that is contradicted by another doctor, and clear and convincing reasons for rejecting a treating or examining doctor's uncontradicted opinion. *Lester*, 81 F.3d at 830-31.

*1.     Dr. Deem and Dr. Liddell*

Shirley Deem, M.D., examined plaintiff in November 2016 and opined that she could stand and sit for at least six hours in an eight-hour day, lift and carry less than 10 pounds, and had postural and manipulative limitations. Tr. 1249-52. M. Liddell, M.D., examined plaintiff in November 2016 and opined that plaintiff could perform simple and repetitive tasks, accept instructions from supervisors, perform work activities on a consistent basis, and maintain regular attendance in the workplace, but would have limitations in her ability to perform detailed and complex tasks, interact with coworkers and the public, complete a normal workday or workweek without interruptions, and manage usual stress encountered in the workplace. Tr. 1257-63. The ALJ did not discuss these opinions, stating only that he gave no weight to the opinion evidence from after the subsequent established onset date of July 14, 2016. Tr. 701. Plaintiff argues that the ALJ's failure to consider these opinions was erroneous because absent any evidence of change in her condition in the months before these doctors evaluated her, these opinions were probative of her functioning during the relevant period. Dkt. 11 at 13-14.

The Court cannot make a finding in the first instance about how probative these opinions were of her functioning during the relevant period or how much weight they should be given. However, the Court concludes that the ALJ erred in in failing to provide a valid rationale for

discounting these opinions. As discussed below, the Court is remanding this case for a reevaluation of the medical and opinion evidence and for the ALJ to determine, based on the evidence of record, the date plaintiff's impairments worsened to a disabling level. These opinions are part of the evidence the ALJ must consider in making that determination. The Court therefore directs the ALJ to evaluate these opinions on remand.

   *2.    Ms. Marquis*

Treating nurse Yvonne Marquis, ARNP, opined in September 2012 that plaintiff was limited to sedentary work due to sciatica and disc disease. Tr. 597-99. The ALJ gave this opinion little weight, finding that her contemporaneous examination, which included findings of normal muscle strength in the lower extremities and normal gate, did not support this severity; the ALJ also noted that Ms. Marquis estimated such severity for a duration of only 6 months. Tr. 699.

A nurse practitioner is not an acceptable medical source who can give a medical opinion. *See* 20 C.F.R. § 404.1527. The ALJ need give only germane reasons for rejecting a nurse practitioner's opinion. *See Dodrill v. Shalala*, 12 F.3d 915, 919 (9th Cir. 1993). Plaintiff asserts that Ms. Marquis, in considering plaintiff's objectively documented disc disease in forming her opinion, relied on the same findings that ultimately led to the finding that she was limited to light work and, therefore, disabled. Dkt. 11 at 14. This conclusory assertion, unconnected to any evidence in the record, is insufficient to establish that the ALJ erred in evaluating Ms. Marquis's opinion. There is nothing the show that in 2012, Ms. Marquis considered the evidence that was used established plaintiff's disability as of July 2016. However, because the Court is remanding for an assessment of when plaintiff's impairments became disabling, the ALJ should consider whether Ms. Marquis's opinion is probative in establishing an onset date.

### 3. *Dr. Mitchell and Dr. Dees*

Melanie Mitchell, Psy.D., examined plaintiff in September 2012 and opined that she would have numerous marked and severe impairments in social and cognitive functioning; Dr. Mitchell assigned a GAF score of 40, indicating some impairment in reality testing or communication or major impairment in several areas, such as work or school, family relations, judgment, thinking, or mood. Tr. 572-76; Am. Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders (DSM-IV), 34 (4th ed. text rev. 1994). The ALJ gave the opinion little weight, finding that it was unpersuasive because Dr. Mitchell's ratings and low GAF score were not entirely supported by her contemporaneous mental status exam, which the ALJ noted included findings that plaintiff had thought process within normal limits, intact remote memory, and concentration within normal limits. Tr. 700.

Plaintiff argues that the ALJ improperly isolated the findings supporting his conclusion and did not consider the findings that conflicted with it. Dkt. 11 at 15. The ALJ may not substitute his own interpretation of the medical evidence for the opinion of a medical professional. *See Tackett v. Apfel*, 180 F.3d 1094, 1102-03 (9th Cir. 1999). Dr. Mitchell's mental status exam found numerous deficits that the ALJ failed to discuss, including flat affect, psychomotor agitation, fearful behavior and tearfulness, inability to perform a 3-step command, poor judgment, and being overwhelmed by the mental status exam. Tr. 575-76. The ALJ ignored these findings and relied on his own interpretation of the examination rather than Dr. Mitchell's. This was not a valid reason to reject the opinion.

The ALJ also found that any reliance by Dr. Mitchell on plaintiff's self-reports weakened the probative value of her opinion because plaintiff was less than candid about her history of substance use as shown in her reports to other sources. Tr. 700. But an ALJ does not provide

adequate reasons for rejecting an examining doctor's opinion by questioning the credibility of the patient's complaints where the doctor does not discredit those complaints and supports her ultimate opinion with her own observations. *Edlund v. Massanari*, 253 F.3d 1152, 1159 (9th Cir. 2001). Here, Dr. Mitchell specifically found that there was no evidence of feigning or factitious behaviors. Tr. 575. And she did not merely repeat plaintiff's complaints, but instead based her opinion on her clinical observations. This was not a valid reason to discount Dr. Mitchell's opinion. The ALJ failed to give specific and legitimate reasons for rejecting Dr. Mitchell's opinion.

Wayne Dees, Phy.D., examined plaintiff in January 2013 and opined that she would likely have difficulty completing complex tasks due to depression, anxiety, and PTSD, and completing repetitive tasks due to chronic pain; her ability to adapt to changes would likely be impaired given her mental health issues; she had difficulty communicating with others; and she would likely have significant difficulty completing a full work week due to her mental health symptoms, chronic pain, and problematic sleep. Tr. 643. The ALJ gave little weight to this opinion for similar reasons as he discounted Dr. Mitchell's opinion, namely, that Dr. Dees' contemporaneous mental status examination notes did not support the severity of his opinion and plaintiff did not disclose her history of alcohol abuse. Tr. 700. However, as with Dr. Mitchell's opinion, the ALJ failed to note Dr. Dees' findings that supported his opinion and relied on his own interpretation rather than Dr. Dees' interpretation, and improperly discounted the opinion for relying on plaintiff's self-report when Dr. Dees supported the opinion with his own clinical observations. The ALJ failed to give specific and legitimate reasons for rejecting Dr. Dees' opinion.

### 4. Dr. Rowlett and Dr. Czysz

Treating psychiatrist David Rowlett, M.D., opined in May 2014 that plaintiff would be unable to successfully interact on a consistent basis with coworkers, supervisors, and the public, and would be unable to maintain a predictable work schedule. Tr. 679. He opined that she was able to maintain her current condition by limiting her activities and social interactions, and that her condition would deteriorate and she would decompensate if exposed to the stress involved in even the simplest full-time employment. *Id.* Examining psychologist James Czysz, Ph.D., opined in December 2015 that plaintiff had numerous moderate and marked limitations in areas of mental functioning. Tr. 1185.

The ALJ gave these opinions little weight, finding that the level of severity they indicated was inconsistent with the record as a whole. Tr. 700-01. The ALJ found that while there were instances of diminished mental functioning, on many occasions over the course of treatment plaintiff remained engaged without noted difficulty; she reported to Dr. Rowlett that medication was just what she needed to function well; and when she presented for care unrelated to her mental health she remained capable of recounting information and engaging without apparent cognitive, social, or adaptive difficulty. Tr. 701.

Plaintiff argues that the ALJ's finding was based on rejecting the opinions of every treating and examining source who opined on plaintiff's functioning and, when considering the treatment notes, cherry-picking those supportive of his conclusions and ignoring those supportive of Dr. Rowlett's and Dr. Czysz's opinions. Dkt. 11 at 16. The ALJ again failed to discuss the limitations these doctors opined and instead improperly substituted his own interpretation of the evidence for theirs. In particular, the ALJ failed to acknowledge Dr. Rowlett's opinion that plaintiff maintained her current condition by limiting her activities and social interaction and that

she would decompensate if she attempted to engage any kind of work. The ALJ failed to explain how his interpretation of plaintiff's limitations, rather than the doctors' interpretation, was correct. The ALJ failed to provide specific and legitimate reasons for rejecting Dr. Rowlett's and Dr. Czysz's opinions.

### C. Subsequent finding of disability

Plaintiff argues that the ALJ failed to resolve a conflict between his finding that she was capable of performing medium work (with additional non-exertional limitations) from July 3, 2009, through July 13, 2016, and the subsequent finding that she was limited to light work (with non-exertional limitations) as of July 14, 2016. Dkt. 11 at 2.

The subsequent finding that plaintiff was limited to light work led to the determination that plaintiff was disabled under Rule 202.06 of the Medical-Vocational Guidelines (the "grids"). Tr. 823. Grid rule 202.06 directs a finding of disabled when a claimant is limited to light work, is of advanced age,[1] has at least a high school education but no provision for direct entry into skilled work, and is skilled or semi-skilled but the skills are not transferrable. 20 C.F.R. Pt. 404, Subpt. P, App. 2, Rule 202.06. A claimant who can perform medium work but otherwise has the same characteristics is not disabled under grid rule 203.15. *Id.* Rule 203.15.

Plaintiff asserts that while the ALJ acknowledged that plaintiff was found disabled as of July 14, 2016, he failed to address the conflict between his finding that she could perform medium work through July 13, 2016, and the subsequent determination that she was limited to light work as of the following day. Dkt. 11 at 3.

The subsequent decision considered only whether plaintiff's impairments were disabling as of the date of the subsequent application, July 14, 2016; the question of the nature and severity

---

[1] Plaintiff entered the advanced age category when she turned 55 in May 2011.

of her impairments before that date were not at issue. The established onset date of July 14, 2016, was based not on medical evidence but instead was based on an administrative rule.

In the case at hand, however, the ALJ was required to make a determination based on the evidence in the record. And although the ALJ acknowledged that plaintiff was found disabled as of July 14, 2016, the ALJ failed to identify any evidence that showed a change in her functioning as of that date. It does not appear that the ALJ considered whether, based on the evidence of record, her impairments reached this level of severity before her subsequent application date. Under the particular facts of this case, it is unreasonable to assume that plaintiff moved from being able to perform medium work to being limited to light work on a specific day without reference to evidence in the record to support that finding. The Court therefore finds that the ALJ erred by failing to evaluate whether the evidence showed that plaintiff's impairments met the disabling level of severity before her subsequent application date.

Plaintiff asks the Court to remand this case for an award of benefits, arguing that the evidence gives rise to a suggestion that she was disabled before July 14, 2016. Dkt. 11 at 17. However, to remand for an award of benefits would require the Court to make factual findings, which this Court cannot do. It is established that plaintiff was not disabled through July 2, 2009, the date of the prior decision finding her not disabled, and she became disabled on July 14, 2016, the date of the subsequent decision. This Court cannot, in the first instance, establish a disability onset date within that seven-year period.[2] The Court therefore concludes that remand for further administrative proceedings is the proper remedy in this case. On remand, the ALJ shall evaluate,

---

[2] Other relevant factors include the fact that plaintiff entered a new age category in May 2011, a change that affects the application of the grids; her date last insured for DIB purposes is December 31, 2011; and she filed her SSI application on August 27, 2012.

ORDER REVERSING AND REMANDING FOR FURTHER
ADMINISTRATIVE PROCEEDINGS - 11

based on the evidence in the record and not simply her subsequent application date, the date on which her impairment worsened to a disabling level under the grids.

## CONCLUSION

For the foregoing reasons, the Commissioner's decision is **REVERSED** and this case is **REMANDED** for further administrative proceedings under sentence four of 42 U.S.C. § 405(g). On remand, the ALJ shall reevaluate plaintiff's testimony and the medical evidence, including the opinions of Dr. Deem, Dr. Liddell, Dr. Mitchell, Dr. Dees, Dr. Rowlett, and Dr. Czysz. The ALJ shall further develop the record and redo the five-step disability evaluation process as necessary and appropriate to make a new decision, including evaluating whether plaintiff's impairments were disabling under the grids before July 14, 2016.

DATED this 18th day of February, 2020.

BRIAN A. TSUCHIDA
Chief United States Magistrate Judge